IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BRAYAN ANDUAGA-COLIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 25-3151-JWL |
| | ) | |
| PAMELA BONDI, Attorney General; | ) | |
| KRISTI NOEM, Secretary, | ) | |
|    Department of Homeland Security; | ) | |
| SAMUEL OLSON, Director, | ) | |
|    ICE Field Office; and | ) | |
| C. CARTER, Warden, FCI-Leavenworth, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____) | | |

## **MEMORANDUM AND ORDER**

Petitioner filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials after he was granted deferral of removal. For the reasons set forth below, the Court **grants** the petition. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 24, 2025**, and shall provide notice to this Court when that release is effected.

Petitioner is a native and citizen of Mexico. He alleges that he entered the United States illegally in approximately 2004. Immigration officials detained petitioner on September 2, 2024, upon his release from custody after a state-court conviction. Removal proceedings were initiated, and on January 7, 2025, an immigration judge granted petitioner's application for deferral of removal, meaning that petitioner could not be

removed to his home country of Mexico.  Petitioner is presently detained at FCI-Leavenworth within this judicial district.  Petitioner filed the instant petition on August 7, 2025.  Respondents have filed a response, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper.  To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."  *See* 28 U.S. C. § 2241(c)(3).  This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal.  *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Generally, when an alien is ordered removed, the removal is to occur within a period of 90 days, referred to as the "removal period."  *See* 8 U.S.C. § 1231(a)(1)(A).  In this case, the removal period began on February 6, 2025, when petitioner's order of deferral became administratively final after neither side filed an appeal within 30 days.  *See id.* § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(c).  Specifically, petitioner claims that, after more than eight months since the beginning of the removal period, his detention has become unreasonably indefinite, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day removal period and that the Government may continue to detain an alien after that period or release the alien under supervision.  *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)).  The Court held, however, that "once removal is no longer reasonably foreseeable,

continued detention is no longer authorized by the statute." *See id.* at 699. The Court

elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether
> the detention in question exceeds a period reasonably necessary to secure
> removal. It should measure reasonableness primarily in terms of the statute's
> basic purpose, namely, assuring the alien's presence at the moment of
> removal. Thus, if removal is not reasonably foreseeable, the court should
> hold continued detention unreasonable and no longer authorized by statute.
> In that case, of course, the alien's release may and should be conditioned on
> any of the various forms of supervised release that are appropriate in the
> circumstances, and the alien may no doubt be returned to custody upon a
> violation of those conditions.  . . .
>
> We recognize, as the Government points out, that review must take
> appropriate account of the greater immigration-related expertise of the
> Executive Branch, of the serious administrative needs and concerns inherent
> in the necessarily extensive INS efforts to enforce this complex statute, and
> the Nation's need to "speak with one voice" in immigration matters. But we
> believe that courts can take appropriate account of such matters without
> abdicating their legal responsibility to review the lawfulness of an alien's
> continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively

reasonable detention period of six months in which to accomplish removal, after which the

reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that
> there is no significant likelihood of removal in the reasonably foreseeable
> future, the Government must respond with evidence sufficient to rebut that
> showing. And for detention to remain reasonable, as the period of prior
> postremoval confinement grows, what counts as the "reasonably foreseeable
> future" conversely would have to shrink. This 6-month presumption, of
> course, does not mean that every alien not removed must be released after
> six months. To the contrary, an alien may be held in confinement until it has
> been determined that there is no significant likelihood of removal in the
> reasonably foreseeable future.

*See id.* at 701; *see also, e.g.*, *Anyimu v. Department of Homeland Security*, 2017 WL 193180, at \*2-3 (D. Kan. Jan. 18, 2017) (Lungstrum, J.) (applying this framework); *Kaliku v. United States Immigration and Customs Enforcement*, 2024 WL 4854523, at \*2-3 (D. Kan. Nov. 21, 2024) (Lungstrum, J.) (same); *Vargas v. Noem*, 2025 WL 2770679, at \*2-3 (D. Kan. Sept. 29, 2025) (Lungstrum, J.) (same).

The Court finds that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" in his case. The Court disagrees with respondents' contention that petitioner can point to nothing more than the failure to effect his removal within six months. In fact, it has been more than eight months since the beginning of petitioner's removal period – a significant period of time beyond the six-month presumptively reasonable period in which to accomplish removal – and petitioner has now been detained by ICE for the last 13 months. Moreover, as petitioner notes, because he cannot be removed to Mexico under the deferral order, officials must find a third country that is willing to accept him; and officials have made no progress towards his removal or even identified a possible destination – even in response to his requests. *See Vargas*, 2025 WL 2770679, at \*2 (petitioner met his burden where he had been detained well beyond the six-month period, he could not be removed to his home country, and officials had not even been able to identify a possible third country for his removal).

The Court further concludes that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states only that "DHS has attempted to remove Petitioner to alternative countries with no success,"

4

and that "ICE will continue its efforts to identify alternative countries to which Petitioner can be removed." The Court does not find such boilerplate statements to be sufficient, however. Neither the declarant nor respondents have elaborated on those efforts related to petitioner, and thus it appears that there have not been any actual requests to third countries or even investigation into whether particular countries might be willing to accept petitioner. Indeed, neither the declarant nor respondents have even identified any possible countries to which petitioner might be removed. Respondents' declarant does state that on September 2, 2025 – almost seven months after the removal period began – he reached out within ICE to "inquire about other potential countries to which Petitioner could be removed." He does not state that his request prompted any response, however, and as noted, no actual requests have been made to alternative countries, and no particular country has been identified even for further investigation. *See id.* at *3 (respondents failed to rebut petitioner's showing by relying on the same boilerplate language and failing to identify particular removal efforts related to the petitioner). Nor have respondents offered any evidence explaining why officials have not been able to undertake any such efforts particular to petitioner. Thus, the Court cannot find that officials have acted with diligence in petitioner's case.

Finally, respondents note that ICE has the option to seek termination of the deferral of removal so that petitioner could then be removed to his home country. Respondents have not offered any argument supporting reversal of the deferral order on its merits, however; nor have they provided evidence that officials have begun the process of seeking a termination or even have contemplated doing so. The general concept that deferral orders

may be terminated as appropriate does not bear on the likelihood of petitioner's future removal.

In sum, respondents have not been able to provide evidence or even point to any specific fact that creates a significant likelihood that, even though officials effectively have taken no affirmative steps to remove petitioner in the last eight months, petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention has become unreasonably indefinite, and the Court therefore concludes that petitioner must be released. That release may be subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700.

Accordingly, the Court grants the petition for habeas relief, and respondents are ordered to effect petitioner's release by **October 24, 2025**.

IT IS THEREFFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **October 24, 2025**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 15th day of October, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge